UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST DIST. WISC.
FILED
APR 11 2006
AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY

TOMY BROWN,

    Plaintiff,

v.                                     Case No. 06-C-105

TRANSCOR, INC.,
KEVIN M. MARTIN, and
NATIONAL CASUALTY,

    Defendants.

---

## ORDER GRANTING PETITION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

---

Plaintiff, Tomy Brown, a Wisconsin state prisoner, lodged a pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial

partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $8.46.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this

AO 72A
(Rev.8/82)

standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

The plaintiff is currently incarcerated at Fox Lake Correctional Institution. Defendant TransCor, Inc., is a prisoner transport company; defendant Kevin M. Martin is employed by TransCor; and defendant National Casualty is an insurance company.

The plaintiff alleges that he was involved in a traffic accident while a passenger/offender in a vehicle driven by defendant Martin, who was working in his capacity transporting offenders as an

3

employee for defendant TransCor, Inc. The accident occurred in Ozaukee County, Wisconsin. According to the plaintiff, the officer who investigated the accident stated that defendant Martin was driving too fast for highway conditions and had jeopardized the welfare and safety of everyone riding in the vehicle. The plaintiff states that defendant Martin violated Traffic Statute 3/011, and the plaintiff references an attached police report, however there is no police report attached to the complaint or in the case file. As a result of the accident, the plaintiff received hip and back injuries. He was treated at a local hospital where the doctor told him that the injuries could affect his ability to work a regular job.

With respect to a legal theory, the plaintiff states that "Reckless Endangerment, must be considered when evaluating the actions of a licensed driver." (Compl. ¶ IV.B.) He also states, "deliberate indifference when state of mind of officials indicated recklessness in criminal-law sense, requiring actual knowledge of impending harm, easily preventable. Figure had he not raced against the weather." Id. For relief, the plaintiff seeks $150,000 in compensatory damages; $250,000 for pain and suffering; and $250,000 in punitive damages.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). In order to proceed with his § 1983 complaint alleging cruel and unusual punishment in violation of the Eighth Amendment, the plaintiff must establish that the defendants acted with deliberate indifference. Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998).

4

Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001) (citing Farmer, 511 U.S. at 840-42).

Here, the plaintiff alleges that he was involved in a car accident in which defendant Martin was the driver. Apparently, defendant Martin "raced against the weather" and was ticketed for "driving too fast for highway conditions." (Compl. ¶ IV. A-B.) Defendant Martin's poor decision resulted in an accident that caused injury to the plaintiff. This incident, though unfortunate, does not implicate the Constitution. At best, the plaintiff's allegations amount only to negligence on the part of the defendants. Mere negligence is not enough to sustain a claim under 42 U.S.C. § 1983. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 [7th Cir. 1988], aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 [1989]). Hence,

**IT IS ORDERED** that the plaintiff's request to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

5

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $241.54 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 10th day of April, 2006.

BY THE COURT:

CHARLES N. CLEVERT, JR.
United States District Judge

AO 72A
(Rev.8/82)